IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>MIDWEST POWERLINE, INC., MONAWECK, INC., and MIDWEST POWERLINE, LLC<br><br>    Defendants. | Civil Action No. |

## COMPLAINT

Plaintiff Zurich American Insurance Company by way of Complaint against defendants Midwest Powerline, Inc., Monaweck, Inc., and Midwest Powerline, LLC, says:

## THE PARTIES

1. Plaintiff Zurich American Insurance Company (hereinafter "ZAIC") is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. ZAIC is authorized to transact business and has transacted business in the State of Michigan.

2. Defendant Midwest Powerline, Inc. ("MPI") is a corporation organized under the laws of the State of Michigan with a principal place of business at 1632 E. Michigan Avenue, Battle Creek, Michigan 49014.

3. Defendant Monaweck, Inc. ("Monaweck") is a corporation organized under the laws of the State of Michigan with a principal place of business at 1632 E. Michigan Avenue,

Battle Creek, Michigan 49014.

4. Monaweck is the continuation of MPI.

5. Defendant Midwest Powerline, LLC ("MPL") is a limited liability company organized under the laws of the State of Michigan with a principal place of business at 1632 E. Michigan Avenue., Battle Creek, Michigan 49014.

6. Upon information and belief, the only member of MPL is Brian Monaweck, a resident of Michigan.

7. MPL is the continuation of MPI.

8. Defendants MPI, Monaweck and MPL are collectively referred to as "Defendants."

## JURISDICTIONAL ALLEGATIONS

9. The amount in controversy between the parties exceeds $75,000.

10. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

## FACTUAL BACKGROUND

11. ZAIC repeats, restates and realleges the allegation of Paragraphs 1 through 9 as if fully set forth herein.

12. ZAIC issued a policy of workers' compensation and employers liability insurance to MPI under Policy No. WC9280996-00 for the effective dates of March 1, 2012 to March 1, 2013 (the "2012 WC Policy").

13. ZAIC issued a policy of workers' compensation and employers liability insurance to MPI under Policy No. WC9280996-01 for the effective dates of March 1, 2013 to March 1, 2014 (the "2013 WC Policy").

14. ZAIC issued a policy of general liability insurance to MPI under Policy No. GLO9280995-00 for the effective dates of March 1, 2012 to March 1, 2013 (the "2012 GL Policy").

15. ZAIC issued a policy of general liability insurance to MPI under Policy No. GLO9280995-01 for the effective dates of March 1, 2013 to March 1, 2014 (the "2013 GL Policy").

16. The 2012 WC Policy, 2013 WC Policy, 2012 GL Policy, and the 2013 GL Policy are collectively referred to as the "Policies."

17. The Policies are insurance contracts which provide insurance for certain liabilities of MPI as set forth in the Policies.

18. ZAIC fulfilled its contractual obligations and provided the coverage afforded by the Policies.

19. Pursuant to the terms of the Policies, initial premiums for the Policies are based on information submitted by MPI regarding its estimated exposure (i.e. payroll, sales, etc.) for the effective dates of coverage.

20. Since initial premiums are based on estimated information, the Policies are subject to a post-expiration audit based on actual exposure during the effective dates of coverage. The audit can result in additional or return premiums.

21. The audit of the 2012 WC Policy produced additional premiums in the amount of $354,730 owed by MPI to ZAIC.

22. The audit of the 2013 WC Policy produced additional premiums in the amount of $83,353 owed by MPI to ZAIC.

23.     The audit of the 2012 GL Policy produced additional premiums in the amount of $229,022 owed by MPI to ZAIC.

24.     The audit of the 2013 GL Policy produced additional premiums in the amount of $50,947 owed by MPI to ZAIC.

25.     ZAIC issued invoices and/or demands for payment of the unpaid audit premiums for the Policies in a timely fashion.

26.     MPI is currently indebted to ZAIC in the amount of $718,052 ($354,730 + $83,353 + $229,022 + $50,947) due to its failure and refusal to remit payment of the audit premiums.

27.     ZAIC has repeatedly demanded Defendants' remit payment of the $718,052 balance owed by MPI to ZAIC.

28.     In or about February 2015, as debts continued to grow for MPI, Defendants began changing and/or interchanging names and, upon information and belief, improperly transferring assets between them to avoid creditors.

29.     Upon information and belief, the assets transferred by MPI to Monaweck and/or MPL included everything that was necessary for Monaweck and MPL to operate MPI and for MPI to continue as a going concern, including, employees, contracts, and equipment, so that the general public and their customers believed that MPI was still operating.

30.     Upon information and belief, any assets remaining in MPI's name are used by Monaweck and MPL as if they are the assets of Monaweck and MPL.

31.     Upon information and belief, Monaweck and MPL assumed the liabilities of MPI for those creditors for which Defendants intended to continue business relationships and allow the uninterrupted continuation of MPI's normal business operations.

32. Monaweck and MPL have the same management structure as MPI.

33. Monaweck and MPL have the same personnel as MPI.

34. Monaweck and MPL have the same physical location as MPI.

35. Monaweck and MPL have the same general business operations as MPI.

36. Monaweck and MPL have the same telephone number as MPI.

37. Monaweck and MPL have the same e-mail address as MPI.

38. Monaweck and MPL have the same website as MPI.

39. Monaweck and MPL have the same workers' compensation insurance as MPI.

40. Monaweck and MPL are engaged in the same business as MPI.

41. Monaweck and MPL are carrying on the existing contracts entered into by MPI.

42. Monaweck and MPL have the same customers as MPI.

## COUNT ONE
(Breach of Contract)

43. ZAIC repeats, restates and realleges the allegation of Paragraphs 1 through 42 as if fully set forth herein.

44. Defendants have failed, refused and continue to refuse to pay the $718,052 balance due and owing to ZAIC.

45. ZAIC has consistently met and fulfilled its contractual obligations to Defendants.

46. Defendants, through their failure and refusal to remit payment, have breached the contracts, i.e. the Policies.

47. Defendants' failure and refusal to pay the $718,052 balance which they owe, jointly and severally, to ZAIC has resulted in damages to ZAIC in the amount of $718,052.

**WHEREFORE**, ZAIC demands judgment against Defendants, jointly and severally, in the amount of $215,497.96 for compensatory damages, together with pre-judgment and post-

judgment interest, attorney's fees, discretionary costs and such further relief as this Court deems just and proper.

## COUNT TWO
(Unjust Enrichment)

48. ZAIC repeats, restates and realleges the allegation of Paragraphs 1 through 10 as if fully set forth herein.

49. ZAIC has provided insurance coverage and related services to Defendants for which Defendants have refused to pay.

50. Defendants acknowledged and accepted the insurance coverage and related services provided by ZAIC.

51. Defendants benefitted from the insurance coverage and related services provided by ZAIC.

52. Defendants have been unjustly enriched by the insurance coverage and related services to ZAIC's detriment.

53. It would be unconscionable for Defendants to retain the benefits of the insurance coverage and related services without payment to ZAIC.

54. ZAIC has repeatedly demanded that Defendants remit payment for the insurance coverage and related services provided by ZAIC.

55. Defendants' failure and refusal to pay the $718,052 balance which they owe, jointly and severally, to ZAIC has resulted in damages to ZAIC in the amount of $718,052.

**WHEREFORE**, ZAIC demands judgment against Defendants, jointly and severally, in the amount of $718,052 for compensatory damages, together with pre-judgment and post-judgment interest, attorney's fees, discretionary costs and such further relief as this Court deems just and proper.

## COUNT THREE
(Account Stated)

56. ZAIC repeats, restates and realleges the allegation of Paragraphs 1 through 42 as if fully set forth herein.

57. ZAIC presented a statement of account to Defendants.

58. Defendants did not dispute the statement of account.

59. Defendants have failed to provide any information or documents identifying an error in the account statement.

60. Defendants, being indebted to ZAIC in the sum of $718,052 upon an account stated between them, promised to pay ZAIC said sum on demand.

61. ZAIC has demanded payment of the amount due and owing from Defendants to ZAIC on numerous occasions prior to filing the instant litigation.

62. ZAIC have attempted to collect the amount due and owing from Defendants to ZAIC without success.

63. Defendants' failure and refusal to pay the $718,052 balance which they owe, jointly and severally, to ZAIC has resulted in damages to ZAIC in the amount of $718,052.

**WHEREFORE**, ZAIC demands judgment against Defendants, jointly and severally, in the amount of $718,052 for compensatory damages, together with pre-judgment and post-judgment interest, attorney's fees, discretionary costs and such further relief as this Court deems just and proper.

## COUNT FOUR
(Successor Liability Against Monaweck)

64. ZAIC repeats, restates and realleges the allegation of Paragraphs 1 through 42 as if fully set forth herein.

65. Upon information and belief, Monaweck is a mere continuation of MPI because of, *inter alia*, continuity of ownership, continuity of management, and continuity of business operations.

66. Upon information and belief, substantially all of MPI's assets were transferred to Monaweck.

67. Upon information and belief, Monaweck's main corporate purpose is identical to that of MPI.

68. Upon information and belief, Monaweck's officers and employees are identical to those of MPI.

69. Monaweck operates from the same location as MPI.

70. Upon information and belief, Monaweck selectively repaid the debts of MPI.

71. As a mere continuation of MPI, Monaweck is responsible for the liabilities and obligations of MPI, including the debt owed to ZAIC.

72. As a continuation of the enterprise of MPI, Monaweck is responsible for the liabilities and obligations of MPI, including the debt owed to ZAIC, under the principles of successor liability.

**WHEREFORE**, ZAIC demands judgment against Monaweck in the amount of $718,052 for compensatory damages, together with pre-judgment and post-judgment interest, attorney's fees, discretionary costs and such further relief as this Court deems just and proper.

## COUNT FIVE
(Successor Liability Against MPL)

73. ZAIC repeats, restates and realleges the allegation of Paragraphs 1 through 42 as if fully set forth herein.

74. Upon information and belief, MPL is a mere continuation of MPI because of, *inter alia*, continuity of ownership, continuity of management, and continuity of business operations.

75. Upon information and belief, substantially all of MPI's assets were transferred to MPL.

76. Upon information and belief, MPL's main corporate purpose is identical to that of MPI.

77. Upon information and belief, MPL's officers and employees are identical to those of MPI.

78. MPL operates from the same location as MPI.

79. Upon information and belief, MPL selectively repaid the debts of MPI.

80. As a mere continuation of MPI, MPL is responsible for the liabilities and obligations of MPI, including the debt owed to ZAIC.

81. As a continuation of the enterprise of MPI, MPL is responsible for the liabilities and obligations of MPI, including the debt owed to ZAIC, under the principles of successor liability.

**WHEREFORE**, ZAIC demands judgment against MPL in the amount of $718,052 for compensatory damages, together with pre-judgment and post-judgment interest, attorney's fees,

discretionary costs and such further relief as this Court deems just and proper.

February 9, 2018  
Date

Respectfully submitted,

BRESSLER, AMERY & ROSS, P.C.

_____
Samuel J. Thomas  
325 Columbia Turnpike  
Florham Park, New Jersey 07932  
(973) 514-1200  
sthomas@bressler.com  
*Attorneys for Plaintiff*